UNITED STATES v. 59,650 CIGARS et al.

(Circuit Court of Appeals, Second Circuit. March 23, 1906.)

No. 187.

INTERNAL REVENUE—FORFEITURE PROCEEDINGS—JUDGMENT AGAINST SURETY.

Where goods, seized by a collector for violation of the internal revenue law, under Rev. St. § 3453 [U. S. Comp. St. 1901, p. 2278], are attached while in his hands by the marshal on process issued in proceedings for their forfeiture, and a bond for their release is thereafter given by the claimant under section 3459 [U. S. Comp. St. 1901, p. 2281], the proviso to said section, requiring notice of the pendency of the proceedings in court to be given to the parties executing the bond, is inapplicable; such notice being intended to take the place of an actual seizure by the marshal where the goods have been returned to the claimant under the bond before such seizure has been made, and unnecessary where the attachment has been made, and the proceeding in rem is pending when the bond is given.

Appeal from the District Court of the United States for the Southern District of New York.

This is an appeal by Betty Gluck, one of the claimant's sureties on a bond for value, given pursuant to section 3459, Rev. St. [U. S. Comp. St. 1901, p. 2281], from a summary judgment entered against the surety after verdict rendered in favor of the United States forfeiting the goods. The opinion of the district judge is found in 138 Fed. 166.

Hugh G. Miller, for appellant.

Henry A. Wise, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The only point raised is that notice of the pendency of the proceedings in court to forfeit the property seized should have been given to the surety by personal service or publication. The only notice given was to the attorney for the claimant.

Appellant relies upon a provision in the section which reads as follows:

"In case said bond shall have been executed and the property returned before the seizure thereof by virtue of the process aforesaid, the marshal shall give notice of pendency of proceedings in court to the parties executing said bond by personal service or publication, and in such manner and form as the court may direct, and the court shall thereupon have jurisdiction of said matter and parties in the same manner as if such property had been seized by virtue of the process aforesaid."

The "process aforesaid" is the process of the court, the "monition" commanding the marshal to attach and detain the property.

The record shows that the provision above quoted is inapplicable. On September 25, 1903, the collector of internal revenue seized the goods under the authority conferred on him by section 3453 [U. S. Comp. St. 1901, p. 2278]. On September 28th the bond was executed, on September 29th the information was verified, and on September

30th monition issued to the marshal, who on the same day attached the property which he found in the hands of the collector. Subsequently, on September 30th, the claimant applied to the court, presenting the bond, and asking for delivery of the cigars, "as the same are attached by the marshal." Thereupon the court ordered that they be delivered to the claimant. Had the collector returned them before seizure by the marshal, the provision above quoted would have applied; but since it is manifest that they were actually seized by virtue of the monition before they were returned, personal service of notice was unnecessary, the proceeding being in rem.

The judgment is affirmed.